

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ted Reed
Secretary
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4344
Re: Application of Article 4006 to
former employee of railroad who
is receiving pension under Federal
Railroad Retirement Act.

We acknowledge receipt of your letter dated January 20, 1942. Your inquiry is:

"Whether a person receiving a pension pursuant to the Railroad Retirement Act of 1935 comes within the purview of the exceptions in the Anti-Pass Statute in favor of 'furloughed, pensioned and superannuated employees and members of their families' in intrastate travel."

Article 4006, Revised Civil Statutes, which provides for exceptions to the Anti-Pass statute (Art. 4005) was amended by the Forty-seventh Legislature, Regular Session, Acts 1941, page 15, so as to extend the free pass privilege to "furloughed, pensioned, superannuated employees, and members of their families". The underscored language was added to meet the ruling of this department in Opinion No. O-2300 that the old statute extended the privilege only to furloughed, pensioned and superannuated employees. In all other respects the amendment brought forward the original language of old Article 4006.

After the decision of the Supreme Court of the United States in Railroad Retirement Board vs. Alton R.Co., 295 U.S. 330, 55 S. Ct. 758, 79 L. Ed. 1468, in which the Railroad Retirement Act of June 27, 1934, was held unconstitutional, the Congress passed the Railroad Retirement Act of August 29, 1935 (49 Stat. 96? 973) and the Carriers Taxing Act of August 29, 1935. (49 Stat. 974-977) These two acts were drawn to cure the unconstitutional features of the Railroad Retirement Act of 1934, which combined tax levies and pension benefits in one bill.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENT...

The Railroad Retirement Act of 1935 set up a system for the payment of annuities or pensions to employees of railroads under certain conditions. These conditions included old age, thirty years service, or total and permanent disabilities. The money for paying the annuities which accrued under the Act was appropriated out of the Treasury. (49 Stat. 967-973)

The Carriers Taxing Act of 1935 levied a graduated excise tax on railroads and a special income tax on their employees and the money collected was covered into the Treasury. (49 Stat. 974-977)

In 1937 the Congress passed the Railroad Retirement Act of 1937 and the Carriers Taxing Act of 1937. (Title 45, USCA, Secs. 228a-273) There were a number of changes made by the 1937 Acts but the general scheme of taxation and the payment of annuities or pensions to railroad employees was the same. The Railroad Retirement Act of 1935 was expressly continued "in full force and effect with respect to the rights of individuals granted annuities prior to the enactment of this (1937) Act". (50 Stat. 319) The Railroad Retirement Act of 1937 expressly provides that it shall not "be taken as restricting or discouraging payment by employers to retired employees of pensions or gratuities in addition to the annuities or pensions paid to such employees under such Acts". (Title 45, USCA, Sec. 228g). However, in practical operation the Federal Act will have the effect of discouraging the continuation of private pension systems because employers will be unwilling to maintain a private pension system when they are being taxed for the benefit of a public pension system for the same employees.

The Federal Railroad Retirement Act of 1937 further provides:

"It shall not be unlawful for carriers by railroad subject to Sections 228a-228r of this title to furnish free transportation to individuals receiving annuities or pensions under Sections 228a-228r or former Sections 201-222 of this title in the same manner as such transportation is furnished to employees in their service." Title 45, USCA, Sec. 228r.

These Federal Statutes were in effect and the railroads were operating thereunder in 1941 when the Legislature re-enacted the exceptions to the Anti-Pass statute in favor of "furloughed, pensioned, superannuated employees, and members of their families."

It is our opinion that the Legislature intended to authorize railroads to grant free passes for intrastate transportation to pensioned employees and members of their families, whether the pension was being paid by the employer under a private pension system or by the government under a government pension system to which both the employer and employees contributed. The important consideration, in our opinion, is the relationship existing between the companies named in Article 6006 and one of their employees. Our answer to your inquiry is accordingly in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) FAGAN DICKSON
Assistant

APPROVED FEB. 5, 1942

(Signed) GROVER SELLERS
First Assistant Attorney General

FD:MBT

APPROVED OPINION COMMITTEE
By B.W.B. Chairman